(27 App. Div. 74.)

PEOPLE ex rel. McCABE v. CONSTABLE.

(Supreme Court, Appellate Division, First Department.    March 11, 1898.)

1. CITIES—DISMISSAL OF CLERK—HEARING.
    Upon application by relator to obtain by certiorari a review of his removal from his position as a "regular clerk" in the department of buildings in New York City, it appeared that he had neither a hearing, nor notice of hearing, nor notice of proposed removal, as required by a rule of the department, and by Consolidation Act, § 48, then in force, in the case of "regular clerks," and that the act for which he was removed was not a violation of any rule of the department.   *Held*, that his dismissal was wrongful.

2. SAME—DEPARTMENT OF BUILDINGS.
    Laws 1892, c. 275, § 3, empowering the superintendent of the department of buildings to discharge "officers and employés," is not inconsistent with Consolidation Act, § 48, for the "regular clerks" to which the latter related are not "officers or employés."

Application by the people, on the relation of Thomas J. McCabe, for a writ of certiorari to review the action of Stevenson Constable, as superintendent of the department of buildings to the city of New York, in removing relator from his position as a regular clerk in the department.   Relator reinstated.

The relator was appointed a clerk in January, 1884, in the bureau of inspection of buildings, and upon the establishment of the department of buildings, in 1892, he was transferred, and served as a clerk until his removal.   In the petition for the writ it is stated that in or about the month of August, 1897, a certain form of application for a permit to build was disapproved by the superintendent of said department, and the objections thereto were noted thereon; that thereafter an architect, one Cole, asked the relator the nature of said objections; that the relator caused a typewritten copy to be made by a typewriter in the office, and a copy was placed on his desk, of which fact the superintendent had knowledge; that the application for a permit was a public record, entitled to be seen, with the indorsements thereon, by the public, on application, and by persons interested therein; that on the 18th of August, 1897, the superintendent sent for the petitioner, and asked him the nature of the typewritten memorandum, which information was furnished, and thereupon the superintendent stated that the relator had violated the rules of the department, and requested his resignation; that he declined to give it, and thereafter, on the 19th of August, he received a letter, removing him from his position as clerk, to take effect on that day.   He further states that what he did was in no sense a violation of any of the rules or regulations of the department; that he was not served with any copy of the charges, and did not have a hearing upon notice, reasonable or otherwise, but that such hearing as was had was contrary to the rule of the department, which requires 24 hours' notice of a hearing upon charges; that there is no rule of the department, or any requirement of law, forbidding the giving of information regarding the public record in question, or the furnishing of the typewritten copy, and that the public generally are entitled to receive information during the public office hours concerning said public records.   The return states that "it was not part of his duties to furnish to the public copies of objections to plans on file therein except in the regular course of business," and that the relator violated the rules and regulations of the department by directing one of the stenographers to copy the objection to a certain plan on file in said department so that he could send or deliver the same to a person interested in said plan.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Francis A. Winslow, for appellant.
Eugene Otterbourg, for respondent.

O'BRIEN, J. Section 2138 of the Code of Civil Procedure provides that this proceeding "must be upon the writ and return and the papers upon which the writ was granted." It will be noticed that the return does not deny that the rule of the department required 24 hours' notice of a hearing, or that the objections to the plan on file, of which the relator had a typewritten copy made, were public records, open to the inspection of the public; all that is said on that subject being that it was not the relator's duty to furnish to the public copies "except in the regular course of business," whatever that may mean. It would appear that it was during business hours, and it is not claimed that the objections were not matters with which the relator was connected, nor does the superintendent, in his return, furnish any copy of any rule of the department forbidding what the relator did. So that, upon the petition and return, it is made clearly to appear that the charge was to a degree frivolous, and entirely insufficient to justify the removal, because it narrows down simply to a charge that the relator caused to be made openly a typewritten memorandum of the indorsement on a public record, and caused the same to be placed upon his desk,—an act which the return itself does not show was a violation of any rule of the department, the statement being that it was "not a part of the relator's duties." There is not a suggestion or intimation that the copy was to be used for any improper or corrupt purpose, but, on the contrary, it would appear that it was made for the purpose of being furnished to an architect, who had the right, it being a public record, to see it, and take a copy of it if he saw fit. In making the copy, or causing it to be made, the relator merely saved the time of the architect who applied for it, who otherwise would have been obliged to make the copy himself. Section 48 of the consolidation act (chapter 410 of the Laws of 1882), in effect, at the time of the removal, provided "that no regular clerk or head of a bureau shall be removed until he has been informed of the cause of the proposed removal, and has been allowed an opportunity of making an explanation, and in every case of removal the true grounds thereof shall be forthwith entered upon the records of the department or board." It is conceded that the relator was a regular clerk, and that he did not receive the notice as required by the rule of the department; but he was summoned, and, after being asked, and turthfully stating about the typewritten copy, which was then on his desk, and had not been handed to anybody, his resignation was demanded, and, that being refused, he was summarily dismissed. Here, therefore, we have neither notice of a hearing nor a hearing, nor notice of a proposed removal. Unless, therefore, the position taken by the respondent is correct, that the relator could be discharged without any hearing, arbitrarily, then clearly the dismissal was wrongful.

The contention that the relator could be discharged without any hearing whatever is based upon section 3 of chapter 275 of the Laws of 1892, which provides as follows:

"Said superintendent shall have power to engage in behalf of said department of buildings, and in his discretion to discharge, from time to time, such officers

and employés thereof, subject to the provisions hereinafter stated, and may make from time to time rules and regulations for their government."

It will be noticed that this section is not inconsistent with section 48 of the consolidation act, nor does it in any manner repeal or modify the provisions of that section. As will appear, there were several grades of persons in the department, divided up and designated as heads of bureaus, officers, regular clerks, employés, and inspectors; and it will be seen, by reference to section 43 of chapter 275 of the Laws of 1892, that the power to arbitrarily remove inspectors was given, as it is by section 3 to remove officers and employés. The rights of regular clerks or heads of bureaus were therefore left to be governed and controlled by section 48 of the consolidation act. The relator being entitled, therefore, to notice of the cause of proposed removal, and to an opportunity of making an explanation, the action of the superintendent in removing him without according him his legal rights, and upon a charge that was frivolous and baseless, calls for a reversal of his action.

The action of the respondent should therefore be annulled, and the relator reinstated, with costs. All concur.